Skillman *v.* Skillman.

RACHEL SKILLMAN *vs.* JOHN G. SKILLMAN and others.

When a married woman, with the consent of her husband, contracted for the purchase of a lot of land, which was afterwards conveyed to the husband, who paid the purchase money and erected a house on the lot, part of the cost of which was paid by the husband, and the balance was

Skillman *v.* Skillman.

secured by his bond and mortgage on the premises, which was afterwards paid by the wife by money derived from her own earnings—

*Held*, that these circumstances fail to establish any resulting trust in the wife, or show any interest in the property in her paramount to the title of the husband.

By the common law, the earnings of the wife by the product of her skill and labor belong to the husband. They do not become the property or the wife, even in equity, without a clear, express, irrevocable gift, of some distinct affirmative act of the husband divesting himself of them or setting them apart for her separate use.

An injunction, which had been allowed at the instance of the wife, to prevent a judgment creditor of the husband from satisfying his judgment out of the land, held to have been properly dissolved.

This was an appeal from the decree of the Chancellor in the case reported in 2 *Beasley, p.* 403.

*Leupp,* for appellant.

*Speer,* for respondent.

The opinion of the court was delivered by

HAINES, J. The complainant, by her bill, claims to have an equitable interest in a certain house and lot of land, the legal title to which was in her husband at the time of his death, and she seeks to have it protected against a judgment obtained by the defendant, John G. Skillman, against her husband, in his lifetime, on a bond and warrant of attorney to confess judgment, upon the ground that the judgment was without consideration and fraudulent and void. The equity of the bill rests in allegation of a right and interest of the complainant in the house and lot, and in the fraudulent intent of the defendant, John G. Skillman, in procuring the judgment. The charge of fraud is fully denied by the answer in response to the bill; so that if the complainant has any interest in the property, and was in a situation to question the validity of the judgment, on this explicit denial of the fraud charged the injunction might have been properly dissolved. But the case made does not show such an interest in the property as would entitle her to protection against

the judgment, even if it were fraudulent. Her claim is not based on a right of dower, and if it had been it would have needed no protection in this form, as the judgment against her husband could not affect her dower. But she claims by a right in equity paramount to the legal title of her husband. She insists that, having negotiated for the purchase of a lot of ground and for the building of the house, and paid a considerable portion of the purchase money, a trust results to her. On examining the allegations of the bill, it appears that she, with the knowledge of her husband, negotiated for the purchase of the lot, and that it was conveyed to him, and he paid the purchase money; that afterwards a contract was made for the erection of a small house on the lot, at the cost of six hundred and seventy-five dollars, of which sum five hundred dollars were secured by his bond and his and her mortgage on the property, and the residue, one hundred and seventy-five dollars, paid to the contractor. It is not alleged to have been paid by her, and the presumption is that it was paid by her husband. Thus far the whole consideration money on the purchase of the lot and the cost of the building were paid and secured by the husband. After this, and until May, 1854, she paid the yearly interest on the bond and mortgage and one hundred dollars of the principal. She afterwards contributed to the monthly payments on two shares of Mechanics Building and Loan Association, purchased by him, until he became entitled to a loan of four hundred dollars, which was taken and secured by a mortgage on the house and lot, and with that money the residue of the sum secured by the original mortgage was paid. She afterwards contributed to the monthly payments due by way of interest on the loan, until the value of the two shares were so enhanced as to be nearly sufficient to pay off the last mortgage, all of which payments so made by her were almost entirely from her own earnings, her husband contributing but little towards it. Admitting the entire truth of all these allegations, they fail to establish a resulting trust or to show any interest in the property paramount to the

title of her husband. By the common law, the earnings of the wife, the product of her skill and labor, belong to the husband. They do not become the property of the wife, even in equity, without a clear, express, irrevocable gift or some distinct affirmative act of the husband divesting himself of them or setting them apart for her separate use. There is no allegation of any such act here. She was permitted to apply the product of her labor, not to her own use, but to the payment of her husband's debts. Her object was truly praiseworthy and her efforts provident. She meant to secure a home for herself and her family; and it may be regretted that they had not taken proper measures to accomplish that purpose. As the business was transacted, the title to the house and lot was in her husband, and the purchase money and the cost of building paid by him, and out of money belonging to him. The legal and equitable title vested in him. There was nothing done or suffered to divest him of such title, even as between him and his wife, much less as between him and his creditors. The bill was properly dismissed, and the decree of the Chancellor must be affirmed, but, under the peculiar circumstances of the case, without costs.

The decree of the Chancellor was affirmed by the following vote:

*For affirmance*—Judges BROWN, COMBS, CORNELISON, ELMER, HAINES, KENNEDY, OGDEN, FORT, SWAIN, VREDENBURGH, WHELPLEY—11.

*For reversal*—None.